ƁƷƇ

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

PETER BERNEGGER,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 26-CV-1289



U.S. District Court
Wisconsin Eastern

**JUL 2 3 2026**

FILED
Clerk of Court

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

Plaintiff Peter Bernegger alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant United States Postal Service ("USPS" or "Postal Service") to release agency records responsive to two fully exhausted requests concerning Business Reply Mail ("BRM") and Qualified Business Reply Mail ("QBRM") transactions of Hawaii government election offices during the period surrounding the November 5, 2024 general election.

2. The requested records include PS Forms 3582, 3582-C, 3582-P, 3584, and 3867-E and reports or exports from PostalOne! and the Enterprise Payment System ("EPS") showing dates, piece counts, weights, postage rates, handling charges, total postage, account balances, and related transaction data.

1

3. USPS located 198 pages in the broader request, withheld 181 pages in full, and redacted core numerical and transaction fields from the pages it released or reprocessed. After the final administrative appeal, USPS released the government permit holders' names, addresses, and BRM permit numbers, but it continues to withhold the transactional substance of the records.

4. Plaintiff does not seek voter identities, ballot contents, handwritten signatures, personal home or contact information, or the names of individual state or local employees. Plaintiff accepts narrow redaction of those fields if they are otherwise protected. Plaintiff seeks the responsive agency records and all nonexempt transactional information contained in them. Plaintiff seeks existing records containing numerical transaction data concerning transactions between USPS and the identified government election offices.

5. On July 20, 2026, the USPS Office of the General Counsel issued final decisions in Appeal Nos. 2026-APP-00248 and 2026-APP-00249. Each decision was accompanied by a letter stating that it was the final Postal Service decision and advising Plaintiff of his right to seek judicial review. Plaintiff has exhausted his administrative remedies for the two requests at issue.

## II. JURISDICTION, VENUE, AND PARTIES

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The Court also has jurisdiction over actions involving the Postal Service under 39 U.S.C. § 409(a). FOIA applies to USPS through 39 U.S.C. § 410(b)(1).

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in New London, Wisconsin, in Waupaca County and the Eastern District of Wisconsin. Waupaca County is served by the Green Bay Division.

8. Plaintiff Peter Bernegger is the individual who submitted the FOIA requests at issue and who received the final administrative appeal decisions.

2

9. Defendant United States Postal Service is an independent establishment of the executive branch of the United States Government, 39 U.S.C. § 201. USPS created or obtained, and at all relevant times controlled, the agency records requested by Plaintiff, including records USPS located, released with redactions, reprocessed, or withheld in full in the two FOIA matters at issue.

### III. FACTUAL ALLEGATIONS
### A. Request No. 2026-FPRO-00995, later No. 2026-FPRO-02120

10. On January 7, 2026, Plaintiff submitted Request No. 2026-FPRO-00995. At USPS's request, he restated it on January 9, 2026. As restated, the request identified six Hawaii government election entities, limited the transaction period to October 1 through November 30, 2024, and sought existing permit and billing records, including PS Form 3582 and electronic equivalents, PostalOne! reports, and EPS transaction records. Each request reasonably described existing agency records by identified government customer, record form or electronic system, facility scope, and date range; each was submitted in accordance with USPS's published FOIA procedures and was accepted and processed by USPS on the merits through final administrative appeal.

11. On March 25, 2026, USPS released 14 pages with redactions under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 39 U.S.C. § 410(c)(1) and (c)(2), and under Exemption 6, 5 U.S.C. § 552(b)(6). The redacted fields included account and permit identifiers, cost-center and transaction numbers, piece counts, weights, revenue amounts, and balances.

12. Plaintiff appealed. The General Counsel affirmed the redactions but remanded for an additional search for specified records. On remand the request was renumbered 2026-FPRO-02120.

3

13. On June 5, 2026, USPS reported that the supplemental search located 184 additional responsive pages. USPS withheld 181 of those pages in full and released three pages with redactions.

14. Plaintiff appealed again. In the July 20, 2026 final decision in Appeal No. 2026-APP-00249, USPS reprocessed 17 previously released pages and three pages that had been released in the related request, removing redactions to government permit-holder names, addresses, and BRM permit numbers. USPS nevertheless affirmed the full withholding of the 181 pages and the remaining redactions.

15. The same final decision states that the initial production included EPS records; that PS Forms 3582-C and PostalOne! records are among the 181 withheld pages; and that PS Forms 3584 and 3867-E bearing postal employee signatures are also among those 181 pages.

16. USPS stated that Exemption 6 was applied within the 181 pages only to two kinds of information: postal employee signatures on PS Forms 3584 and 3867-E, and names of state or local employees on PS Forms 3582-C. Those narrow personal fields do not justify withholding the surrounding records or transaction data in full.

17. USPS also acknowledged that some of the 181 withheld pages contain the government permit holders' names, addresses, or permit information that it had determined were releasable. USPS still withheld those pages in full because it considered the remaining nonexempt material disjointed or insignificant and because it had supplied the permit information elsewhere.

**B. Request No. 2026-FPRO-01064, later No. 2026-FPRO-02119**

18. On January 14, 2026, Plaintiff submitted Request No. 2026-FPRO-01064 for PS Forms 3582 and 3582-P, any PS Forms 3584 and 3867 associated with BRM election materials, and the record showing the County of Hawaii's BRM permit number, for all postal facilities serving Hawaii County from October 9 through November 7, 2024. Each request reasonably described existing agency records by identified government customer, record form or electronic system,

4

facility scope, and date range; each was submitted in accordance with USPS's published FOIA procedures and was accepted and processed by USPS on the merits through final administrative appeal.

19. On March 25, 2026, USPS released two pages with redactions. After Plaintiff appealed, the General Counsel remanded for an additional search for the requested forms. The request was renumbered 2026-FPRO-02119. On June 4, 2026, USPS released three pages with redactions.

20. In the July 20, 2026 final decision in Appeal No. 2026-APP-00248, USPS released the County of Hawaii's permit-holder information and affirmed the remaining redactions. The decision expressly declined to order an additional search for or other accounting of the requested forms because USPS predicted that any such records would be withheld under Exemption 3 and 39 U.S.C. § 410(c)(2).

## C. Record Structure, Segregability, and Public Disclosure

21. The released and reprocessed USPS records are structured forms and tables. They contain separate columns or fields for public-agency names, permit numbers, dates, transaction types, piece counts, weights, rates, charges, balances, cost centers, and other identifiers. USPS left many headings, dates, and transaction descriptions visible while blacking out discrete fields.

22. The County of Hawaii separately released 19 USPS-generated PS Form 3582-C records for the same government customer and election period under Hawaii's public-records law. Those forms disclose exact piece counts, standard per-piece postage and handling charges, total postage, transaction numbers, dates, and EPS balances while redacting limited personal or account information. For example, the October 18, 2024 form reports 1,306 pieces, a $0.707 per-piece postage rate, a $0.030 handling charge, and $962.52 total postage. The October 22, 2024 form reports 3,640 pieces and $2,682.68 total postage.

5

23. The County production shows that the requested numerical fields are meaningful, discrete, and capable of release with narrow field-level redactions. It also undercuts USPS's categorical assertion that comparable customer transaction information is not publicly disclosed under good business practice.

24. In the final appeal decisions USPS listed the relevant government permit holders, cities, and BRM permit numbers, yet cautioned that its permit search might have missed additional permits if Plaintiff supplied permit numbers or cities. USPS has not provided a record-system-by-record-system description sufficient to establish that all named entities, permits, facilities, and date ranges were searched using methods reasonably calculated to locate all responsive records. USPS's descriptions of its searches do not establish that methods reasonably calculated to locate records for all named entities, permits, facilities, systems, and date ranges were used.

25. In a separate, unappealed request concerning related Hawaii election-mail records, USPS stated on January 9, 2026 that it had located no responsive records and did not maintain postage-cost records associated with mail-in ballots. Plaintiff does not assert a claim on that request. The statement is alleged only as context because USPS later located 198 closely related BRM/QBRM records for the same election period in the exhausted matter.

## COUNT I
## IMPROPER WITHHOLDING UNDER EXEMPTION 3 AND 39 U.S.C. § 410(c)(2)

26. Plaintiff incorporates paragraphs 1 through 25.

27. Section 410(c)(2) applies only to information that is of a commercial nature and that, under good business practice, would not be publicly disclosed. USPS bears the burden of sustaining each withholding. Its regulation requires consideration of the overall character of the particular information and states that no single factor is determinative. 39 C.F.R. § 265.14(b)(3).

6

28. USPS has not established that every withheld record and every redacted field satisfies both statutory conditions. The records contain fields of different character, including public-agency names, dates, standard rates, piece counts, weights, total postage, and balances. The government-customer context, the structured nature of the forms, and the County's release of the same PS Form 3582-C record type with exact counts and charges contradict USPS's categorical treatment of all transaction fields and entire pages as exempt.

29. To the extent any internal account, customer-registration, tracking, security, or personal field is properly exempt, USPS must redact that field and release all reasonably segregable nonexempt portions of the remaining record. Because USPS has not justified its full-page withholdings and categorical redactions on a record- and field-specific basis, it continues to improperly withhold agency records within the meaning of 5 U.S.C. § 552(a)(4)(B).

## COUNT II
### FAILURE TO RELEASE REASONABLY SEGREGABLE PORTIONS

30. Plaintiff incorporates paragraphs 1 through 29.

31. FOIA requires release of every reasonably segregable nonexempt portion after deletion of exempt information and requires agencies to take reasonable steps to segregate and release nonexempt information. 5 U.S.C. § 552(b), (a)(8)(A)(ii).

32. The 181 withheld pages include structured USPS forms and database records with separate fields. USPS acknowledged that some pages contain releasable government permit information and that Exemption 6 applies only to discrete signatures or employee names. Plaintiff does not seek those personal fields. Field-level redaction is practicable and would leave coherent, useful transaction records.

7

33. USPS's disclosure of permit information in a decision letter does not discharge its duty to release the reasonably segregable portions of each responsive agency record. The full-page withholdings and remaining categorical redactions violate FOIA's segregability requirements.

**COUNT III**
**INADEQUATE SEARCH, INCLUDING REFUSAL TO SEARCH FOR SPECIFICALLY REQUESTED RECORDS**

34. Plaintiff incorporates paragraphs 1 through 33.

35. FOIA required USPS to use methods reasonably calculated to locate all records responsive to the two requests, including reasonable efforts to search for electronic records. 5 U.S.C. § 552(a)(3)(C)-(D).

36. The search history, USPS's own caution that additional permits may have been missed, the absence of a detailed description of searches for each named entity, permit, system, facility, and date range, and the final refusal to conduct an additional search for or accounting of specifically requested forms create a concrete dispute about search adequacy.

37. On the facts alleged here, USPS cannot justify refusing a search solely by predicting that all responsive material would be exempt. USPS has not established that every responsive record and every reasonably segregable portion would be exempt, and its own releases and final decisions show that the relevant structured forms contain discrete, potentially nonexempt fields. USPS therefore failed to conduct a search reasonably calculated to locate all responsive records, in violation of 5 U.S.C. § 552(a)(3).

38. Although APP-00249 identifies some Forms 3584 and 3867-E among records located in the broader request, neither final decision establishes that USPS searched for and located all such forms responsive to the narrower Hawaii County request.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that USPS violated FOIA by improperly withholding responsive agency records and information, failing to release all reasonably segregable nonexempt portions, and failing to conduct searches reasonably calculated to locate all records responsive to the requests at issue;

B. Order USPS to conduct supplemental searches reasonably calculated to locate all records responsive to FOIA Request No. 2026-FPRO-02119, formerly No. 2026-FPRO-01064, and FOIA Request No. 2026-FPRO-02120, formerly No. 2026-FPRO-00995, and to submit sworn declarations describing, as applicable, the systems, facilities, custodians, search terms, date ranges, methods used, and results obtained;

C. Enjoin USPS from continuing to withhold responsive agency records improperly and order USPS, by a date set by the Court, to reprocess and produce all nonexempt and reasonably segregable portions of: the 181 pages withheld in full; the responsive records previously released with redactions; and any additional responsive records located through the supplemental searches; including, where contained in the responsive records and nonexempt, piece counts, weights, dates, standard postage rates, handling charges, total postage, account balances, public-agency names, permit numbers, and facility information, with only those redactions that USPS proves are authorized by FOIA;

D. For each record or portion that USPS continues to withhold, require USPS to provide a sufficiently detailed Vaughn index or equivalent record-specific declarations identifying the record or portion withheld, the precise FOIA exemption and statutory subsection relied upon, the factual basis for the withholding, and the basis for any assertion that no additional reasonably segregable information can be released;

9

E. Conduct in camera review of any disputed records as the Court deems necessary under 5 U.S.C.

§ 552(a)(4)(B);

F. Retain jurisdiction until USPS has fully complied with the Court's orders;

G. Award Plaintiff his litigation costs reasonably incurred under 5 U.S.C. § 552(a)(4)(E); and

H. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,                                            Dated: July 23, 2026

Peter Bernegger
1806 Brynnwood Trace
New London, WI 54961
Telephone: (920) 551-0510
Email: pmbmap123@gmail.com

10